IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROGER HOWARD LINDSAY,                    :

    Petitioner,                        :

v.                                       :    CIVIL ACTION NO. 06-00064-CG-B

GWENDOLYN MOSLEY,                        :

    Respondent.                        :

## REPORT AND RECOMMENDATION

Petitioner, Roger Howard Lindsay, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his 2004 convictions in the Circuit Court of Escambia County, Alabama, for knowingly possessing obscene material depicting persons under the age of seventeen with intent to disseminate and knowingly possessing obscene material depicting persons under the age of seventeen, for which he was sentenced cumulatively to sixteen years in prison, split, to serve five years. (Doc. 4 at 2; Doc. 14 at 3; Doc 15, Ex. A, Vol. I at C.R. 134).

This matter is now before the undersigned Magistrate Judge on Petitioner's petition, Respondent's answer, briefs, responses, and exhibits filed by the parties, the state court records, and opinions and orders of the state appellate courts. Following a careful review of the petition and record, the undersigned finds

that an evidentiary hearing is not warranted on the issues.[1]  <u>See</u>

28 U.S.C. § 2254(e)(2).

<u>FINDINGS OF FACT</u>

On direct appeal, the Alabama Court of Criminal Appeals found

---

[1]Because Petitioner filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required."  <u>Kelley v. Secretary for Dep't of Corrs.</u>, 377 F.3d 1317, 1337 (11th Cir. 2004).  The legal standard for determining when an evidentiary hearing in a habeas corpus case is allowed is articulated in 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> **(A)** the claim relies on–
>
> **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has failed to establish that an evidentiary hearing is warranted in this case.

the facts of this case to be as follows:[2]

Roger Howard Lindsay appeals his September 20, 2004, convictions for knowingly possessing child pornography, in violation of § 13A-12-192(b), Ala. Code 1975, and possessing child pornography with intent to disseminate, in violation of 13A-12-197, Ala. Code 1975. On November 18, 2004, he was sentenced to prison for 16 years for his conviction for knowingly possessing child pornography, split, to serve five years in prison with the balance suspended and placed on supervised probation. He was sentenced to five years in prison for his conviction for possessing child pornography with intent to disseminate, to be served concurrently with his sentence for knowingly possessing child pornography; ordered to pay court costs; and assessed $50.00 to be paid the Alabama Crime Victims Compensation Fund. (C. 134-135; R. 565).

The record reveals that Lindsay engaged in sexual activity with 16-year-old Susan Thompson, the first time starting in 2000 and continuing into 2001 and on one occasion videotaped the incident. (C. 170, 241). On one occasion, Lindsay engaged in sexual activity with Thompson and two other minors. (C. 170). On November 20, 2002, the police department executed a search warrant in response to Thompson's affidavit, which was styled with the caption State of Alabama v. John Craft. (C. 190). In the body of the warrant, however, was Lindsay's name, address, and description of the property to be searched. (C. 192-200, 201-219, 224-237):

_____

[2]AEDPA directs that a presumption of correctness be afforded factual findings of state courts, "which may be rebutted only by clear and convincing evidence." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Id. (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

"The residence of Roger Lindsey [sic] is located at 207 Greer Avenue Atmore, Al.  The house can be described as a brick home with tan shutters and a shingled roof.
"The house number is located on the eve of the roof.  Also to be searched is the curtilage of the residence including but not limited to storage buildings, vehicles and other means of storing, concealing, or manufacturing child pornography."

(C. 223.)  The police officers discovered 23 items of child pornography, which were admitted into evidence at trial.  (C. 194-218).

On June 8, 2004, Lindsay filed a motion to suppress the statements he made to the police officers during the search, all items obtained during the search, including a naked picture of himself discovered by the police officers during the search, on the grounds that he had not been read his Miranda rights and the naked photo of him was unduly prejudicial. (C. 68-69). On August 17, 2004, the trial court held a hearing on the motion to suppress.  At the hearing, officers Jarrod Leachman, Heath Jackson, Chuck Brooks, Glenn Carlee, and Barry Hurst testified that Lindsay was read his Miranda rights before the search began and before a statement was taken from Lindsay.  (R. 36-116).  The court denied the motion on August 24, 2004.  (C. 2).

On September 9, 2004, Lindsay filed a motion to continue the trial, on grounds that he would not have time to prepare for trial, which was scheduled for September 13, 2004, because on September 8, 2004, just 5 days before trial, he had received a computer hard drive discovered during the search and which he had requested from the prosecution months earlier. (C. 74). On September 10, 2004, the trial court denied the motion for a continuance.  (C. 91).

4

(Doc. 14, Ex. D at 1-3) (footnote omitted).

In addition to the facts recited above, the record further shows that Petitioner entered a plea of not guilty to the charges against him on November 6, 2003, and his jury trial commenced on September 13, 2004, in the Circuit Court of Escambia County, Alabama. (Doc. 14, Ex. A, Vol. I at C.R. 12; Doc. 14, Ex. A, Vol. II at R.T. 123). On September 20, 2004, the jury found Petitioner guilty of knowingly possessing child pornography with intent to disseminate, in violation of Alabama Code § 13A-12-192(a), and knowingly possessing child pornography in violation of Alabama Code § 13A- 12- 192(b), for which he was sentenced, respectively, to sixteen years, split to serve five, and five years, to run concurrently.[3] (Doc. 14, Ex. A, Vol. I at C.R. 126-27, 134). Petitioner was represented at trial and at sentencing by attorney Robert S. Presto. (Doc. 4 at 11).

On December 23, 2004, Petitioner filed a notice of appeal to the Alabama Court of Criminal Appeals. (Doc. 14, Ex. A, Vol. I at C.R. 137). On September 23, 2005, the Alabama Court of Criminal Appeals affirmed Petitioner's conviction and sentence by memorandum opinion. (Doc. 14, Ex. D). Petitioner's application for rehearing

---

[3] In its memorandum opinion recited above, the Alabama Court of Criminal Appeals incorrectly cited the statutory provisions under which Petitioner was convicted and sentenced. (Doc. 14, Ex. D at 1). The correct statutory provisions are Alabama Code §§ 13A-12-192(a) and (b). (Doc. 14, Ex. A, Vol. I at C.R. 126-27).

was overruled by the Alabama Court of Criminal Appeals on November 10, 2005. (Doc. 14, Ex. F). The Alabama Supreme Court denied Petitioner's petition for a writ of certiorari without opinion on January 13, 2006, (Doc. 14, Ex. H), and the Alabama Court of Criminal Appeals issued a certificate of final judgment on that same date. (Doc. 14, Ex. I).

On December 22, 2004, Petitioner filed a petition for a writ of habeas corpus with the Alabama Court of Criminal Appeals requesting the appellate court to order the trial court to set a reasonable appeal bond. (Doc. 14, Ex. J). On March 7, 2005, the Alabama Court of Criminal Appeals denied the petition without opinion. (Doc. 14, Ex. L). Petitioner did not file a petition for post-conviction relief pursuant to Rule 32 of the <u>Alabama Rules of Criminal Procedure</u>.

On February 2, 2006, Petitioner filed the instant petition for a writ of habeas corpus. (Doc. 1). On February 15, 2006, Petitioner re-filed his petition on this Court's form, setting forth four claims in support of his request for habeas relief. (Doc. 4). The Court will consider each of those claims in turn.

<u>DISCUSSION</u>

Respondent states in her answer that Petitioner exhausted his

four habeas claims in the state courts.[4]  (Doc. 14 at 11, 13-15).

For the reasons set forth below, the Court finds that Petitioner is

not entitled to habeas relief on the basis of any of his claims.

        A.   AEDPA's Standard of Review.

        Title 28 U.S.C. § 2254 governs the authority of the federal

courts to consider applications for writs of habeas corpus

submitted by state prisoners.  Henderson v. Campbell, 353 F.3d 880,

889-90 (11th Cir. 2003).  Section 2254 was amended by AEDPA, which

became effective April 24, 1996.  Id.  Since Petitioner filed this

petition on February 2, 2006, AEDPA applies to this action.

        28 U.S.C. § 2254(d) provides that:

            (d) An application for a writ of habeas corpus
            on behalf of a person in custody pursuant to
            the judgment of a State court shall not be
            granted with respect to any claim that was
            adjudicated on the merits in State court

_____

        [4] Although Respondent agrees that Petitioner exhausted his
principal arguments related to his four habeas claims, she
asserts that Petitioner's ancillary arguments related to Claims 1
and 2 constitute new, unexhausted claims.  The Court disagrees.
Having reviewed Petitioner's allegations related to Claims 1 and
2, the Court finds that Petitioner's additional arguments are
merely clarifications of his original claims and do not
constitute separate or new claims.  See Kelley v. Secretary for
Dep't of Corrs., 377 F.3d 1317, 1344 (11th Cir. 2004) ("[H]abeas
petitioners are permitted to clarify the arguments presented to
the state courts on federal collateral review provided that those
arguments remain unchanged in substance.").  Moreover, the state
courts addressed Claims 1 and 2 thoroughly on the merits.  Thus,
the claims, and all of their attendant arguments, have been
exhausted.

proceedings unless the adjudication of the claim–

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. In Williams v. Taylor, 529 U.S. 362, 412 (2000), Justice O'Connor, writing for a majority of the Court, recognized that "§ 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."

>   A state-court decision is contrary to the Supreme Court's clearly established precedent (1) if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2) if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. See Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1519-20, 146 L. Ed. 2d 389 (2000).
>   A state court decision involves an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's

8

case." <u>Williams</u>, 120 S. Ct. at 1520. In
addition, a state court decision involves an
unreasonable application of Supreme Court
precedent "if the state court either
unreasonably extends a legal principle from
[Supreme Court] precedent to a new context
where it should not apply or unreasonably
refuses to extend that principle to a new
context where it should apply." <u>Id.</u>

<u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000). Moreover,

as noted above, the Act, as amended, presumes as correct all

determinations of factual issues made by a state court and places

the burden upon the petitioner of rebutting such a presumption of

correctness by clear and convincing evidence. 28 U.S.C. § 2254(e).


B.  <u>Review of Claims</u>.

Having established the proper standard of review, the Court

turns to Petitioner's claims.

1.  <u>Habeas Claim 1: Trial court erred in failing to
suppress un-Mirandized statements</u>.

Petitioner argues in his habeas petition that he is entitled

to relief under § 2254 based on the trial court's failure to

suppress certain incriminating statements made by him to the police

without the benefit of a <u>Miranda</u> warning.[5]  (Doc. 4 at 7-8).

Petitioner claims that the police never informed him of his <u>Miranda</u>

_____

[5] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

9

rights before interrogating him.   (Id.).

Petitioner raised this claim in the state court on direct appeal, and, in its memorandum opinion affirming Petitioner's conviction, the Alabama Court of Criminal Appeals stated:

> Lindsay argues that the trial court erred in denying his motion to suppress his statements made to the police during the search of his house because he was not read his Miranda rights.  A trial court's ruling on a motion to suppress will not be disturbed unless it is contrary to the great weight of the evidence:
>
>> "'"In reviewing the correctness of the trial court's ruling on a motion to suppress, this Court makes all the reasonable inferences and credibility choices supportive of the decision of the trial court."' Kennedy v. State, 640 So. 2d 22, 26 (Ala. Crim. App. 1993), quoting Bradley v. State, 494 So. 2d 750, 760-61 (Ala. Crim. App. 1985), aff'd, 494 So. 2d 772 (Ala. 1986), cert. denied, 480 U.S. 923 (1987). The trial court's ruling on a motion to suppress will not be disturbed unless it is palpably contrary to the great weight of the evidence. See Dixon v. State, 588 So. 2d 903 (Ala. 1991); Parker v. State, 587 So. 2d 1072, 1088 (Ala. Crim. App. 1991); Rutledge v. State, 680 So. 2d 997, 1002 (Ala. Crim. App. 1996); Maples v. State, 758 So. 2d 1 (Ala. Crim. App. 1999), aff'd, 758 So. 2d 81 (Ala. 1999), cert. denied, 531 U.S. 830 (2000)."
>
> Ex parte Jackson, 836 So. 2d 979, 982 (Ala. 2002).  We have held that the question of

whether an appellant was read his <u>Miranda</u> rights is a question for the trial court to resolve:

"The determination of whether the appellant was read his <u>Miranda</u> rights presented an issue of credibility for the trial court to resolve.

"'""'Absent clear error, the [circuit] court's credibility choices at suppression hearings are binding on this court.' <u>Walker v. State</u>, 551 So. 2d 449, 451 (Ala. Crim. App. 1989). The standard of review of conflicting evidence at a motion to suppress a confession is whether the trial court's finding was 'manifestly contrary to the great weight of the evidence.' <u>Ex parte Mathews [Matthews]</u>, 601 So. 2d 52 (Ala. 1992), cert. denied, 505 U.S. 1206 (1992). <u>See also Ex parte Singleton</u>, 465 So. 2d 443, 445 (Ala. 1985) (whether the finding was 'palpably contrary to the w e i g h t o f t h e evidence.')."'

"<u>D.M.M. v. State</u>, 647 So. 2d 57, 61 (Ala. Crim. App. 1994), quoting <u>Thompson v. State</u>, 611 So. 2d 476, 478 (Ala. Crim. App. 1992). Here, the trial court determined that the appellant was read his <u>Miranda</u> rights and that he waived those

11

rights before making the inculpatory statements to the police officers. After reviewing the facts above, we find that this determination was not manifestly contrary to the great weight of the evidence."

Davis v. State, 728 So. 2d 192, 195 (Ala. Crim. App. 1997).

At the suppression hearing, officer Heath Jackson testified that he read Lindsay his Miranda rights before searching Lindsay's home and before Lindsay made any statements to the officers. (R. 93.) Furthermore, officer Jarrod Leachman, officer Brooks, and officer Carlee testified that Lindsay was read his Miranda rights. (R. 55, 106, 109). Linds[a]y did not testify and did not offer any evidence at trial that he was not read his Miranda rights. Accordingly, the trial court's ruling on Lindsay's motion to suppress was not manifestly contrary to the great weight of the evidence and the trial court did not err in denying the motion to suppress.

(Doc. 14, Ex. D at 3-5).

Having reviewed the record in this matter, the Court concludes that the state court's factual findings were reasonable, that Petitioner has not met his burden of rebutting the presumption of correctness of those factual findings by clear and convincing evidence, and that the legal analysis was neither contrary to, nor an unreasonable application of, Miranda.  Therefore, Petitioner is not entitled to relief on the basis of habeas Claim 1.

2.    Habeas Claim 2: Trial court erred in failing to suppress evidence obtained with defective search

12

<u>warrant</u>.

Petitioner next argues in his habeas petition that he is entitled to relief under § 2254 based on the trial court's failure to suppress evidence obtained under a defective search warrant. (Doc. 4 at 7; Doc. 19 at 9). Petitioner complains that the search warrant was defective because it was styled with the wrong name, contained the wrong address, and covered items not related to the charges against him. (Doc. 4 at 7).

The law is settled, however, that "[f]ederal courts are precluded from conducting post-conviction review of Fourth Amendment claims where state courts have provided 'an opportunity for full and fair litigation' of those claims." <u>Whitley v. Giles</u>, 2006 WL 3075710, *2 (M.D. Ala. 2006) (quoting <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976)). "[F]ull and fair consideration in the context of the Fourth Amendment includes at least one evidentiary hearing in a trial court and the availability of meaningful appellate review when there are facts in dispute, and full consideration by an appellate court when the facts are not in dispute." <u>Bradley v. Nagle</u>, 212 F.3d 559, 565 (11th Cir. 2000) (citations and internal quotation marks omitted). "Under <u>Stone</u>, 'where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not

13

require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.'" <u>Whitley</u>, 2006 WL 3075710, *2 (quoting <u>Stone</u>, 428 U.S. at 482).

In this case, the record shows that Petitioner was afforded the opportunity in the state courts to fully, fairly, and adequately litigate the admissibility of the evidence in question. Prior to trial, a hearing was held on Petitioner's motion to suppress evidence based on the defective nature of the warrant, specifically including the use of the wrong name in the style of the warrant. (Doc. 14, Ex. A, Vol. I at C.R. 68-70; Doc. 14, Ex. A, Vol. II at R.T. 3-122). The trial judge denied the motion to suppress and, following Petitioner's conviction, Petitioner appealed this issue to the Alabama Court of Criminal Appeals, which appropriately applied the Fourth Amendment to Petitioner's claim, stating:

> Lindsay contends that the trial court erred in declining to quash the search warrant because it was styled with the name of another defendant. The search warrant executed on Lindsay's residence was styled with the caption <u>State of Alabama v. John Craft</u>. (C. 190). In the body of the warrant, however, was Lindsay's name, address, and description of the property to be searched. (C. 192-200, 201-219, 224-237.):

> "The residence of Roger Lindsey

14

> (sic) is located at 207 Greer Avenue
> Atmore Al.   The house can be
> described as a brick home with tan
> shutters and a shingled roof.
>
> "The house number is located on the
> eve of the roof.   Also to be
> searched is the curtilage of the
> residence including but not limited
> to storage buildings, vehicles and
> other means of storing, concealing,
> or manufacturing child pornography."
>
> (C. 223).   We have held that typographical
> error in a search warrant does not render the
> warrant defective.   <u>Whitehead v. State</u>, 608
> So. 2d 423, 426 (Ala. Crim. App. 1992).
> Furthermore, under the Fourth Amendment, a
> search warrant is only required to be specific
> enough to direct the officers conducting the
> search to the correct address.   <u>See Hutchins
> v. State</u>, 560 So. 2d 1113 (Ala. Crim. App.
> 1981).   We have held that a search warrant was
> not fatally defective where it incorrectly
> stated the appellant's name.   <u>Id.</u> at 1115.
> Accordingly, the trial court did not err in
> denying Lindsay's motion to suppress on the
> grounds that the search warrant was defective.

(Doc. 14, Ex. D at 5-6).

Based on the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts.   Hence, under <u>Stone</u>, the Court may not review his substantive Fourth Amendment claim.   <u>Id.</u>, 428 U.S. at 494; <u>see also Whitley</u>, 2006 WL 3075710, *2.

Moreover, even if this claim were not foreclosed by <u>Stone</u>, Petitioner still would not be entitled to habeas relief.   As just

15

discussed, Petitioner raised this claim in the state court on direct appeal, and the Alabama Court of Criminal Appeals denied relief on the merits.  (Doc. 14, Ex. D at 5-6).  Having reviewed the record in this matter, the Court concludes that the state court's factual findings were reasonable, that Petitioner has not met his burden of rebutting the presumption of correctness of the state court's factual findings by clear and convincing evidence, and that the state court's legal analysis was neither contrary to, nor an unreasonable application of, federal law.   Therefore, Petitioner is not entitled to relief on the basis of habeas Claim 2.

   3.   <u>Habeas Claim 3: Trial court erred in failing to grant Petitioner's motion for a continuance</u>.

   Petitioner next argues in his habeas petition that he is entitled to relief under § 2254 based on the trial court's failure to grant his motion to continue the trial so that he could obtain an expert to examine "certain electronic data."  (Doc. 4 at 9).  Specifically, Petitioner complains that he was only given one week before trial to obtain an expert to examine a computer hard drive confiscated during a search of his home, and he needed "extra time to get this done."  (Doc. 4 at 7; Doc. 19 at 10).  Petitioner claims that the trial court's refusal to grant his motion for a continuance interfered with his ability to defend himself, thereby violating his rights under the Fourteenth Amendment.  (Doc. 19 at 10-12).

16

Petitioner raised this claim in the state court on direct appeal, and, in its memorandum opinion affirming Petitioner's conviction, the Alabama Court of Criminal Appeals stated:

> Lindsay next contends that the trial court erred by refusing to grant his motion for a continuance because he had received the computer hard drive found during the search and containing the pornographic images on September 8, 2004, only 5 days before trial, which did not allow sufficient time for him to have an expert examine the evidence.
>
>> "'"'A motion for [a] continuance due to lack of time for adequate preparation is a matter entirely and exclusively within the sound discretion of the trial court and its ruling will not be reversed on appeal absent a plain and palpable showing of abuse.' <u>Reynolds v. State</u>, 539 So. 2d 428, 429 (Ala. Crim. App. 1988)." <u>Baker v. State</u>, 683 So. 2d 1, 5 (Ala. Crim. App. 1995).' <u>Boyd v. State</u>, 715 So. 2d 825, 837-38 (Ala. Crim. App. 1997), <u>aff'd</u>, 715 So. 2d 852 (Ala.), <u>cert. denied</u>, 525 U.S. 968 (1998)."
>
> <u>West v. State</u>, 793 So. 2d 870, 879 (Ala. Crim. App. 2000). The computer hard drive was not admitted into evidence and was not used by the State to prove Linds[a]y was in knowing possession of images of child pornography. The State did offer into evidence 23 child pornography images found in Lindsay's residence. Lindsay's conviction did not rely on the hard drive, therefore the trial court did not err in denying Lindsay's motion for a continuance. Furthermore, Lindsay failed to show he was prejudiced by not receiving the computer hard drive until five days before trial. See <u>Moncrief v. State</u>, 551 So. 2d 1175, 1177 (Ala. Crim. App. 1989).

(Doc. 14, Ex. D at 6).

Where, as here, a petitioner asserts the state court's denial of a continuance as a basis for habeas corpus relief, "there must be a showing of an abuse of discretion and that the trial court's actions were so arbitrary as to result in the denial of due process." Alderman v. Zant, 22 F.3d 1541, 1558 (11th Cir. 1994) (citations omitted).

> Trial courts are afforded broad discretion in determining whether a continuance should be granted. Morris v. Slappy, 461 U.S. 1, 11, 103 S. Ct. 1610, 1616, 75 L. Ed. 2d 610 (1983); Corbin v. State, 212 Ga. 231, 91 S.E.2d 764, 766, cert. denied, 351 U.S. 987, 76 S. Ct. 1057, 100 L. Ed. 1501 (1956); Gallimore v. State, 166 Ga. App. 601, 305 S.E.2d 164 (1983). There is no particular mechanistic device for determining whether the denial of a continuance results in a violation of due process. Unger v. Sarafite, 376 U.S. 575, 589, 84 S. Ct. 841, 849-50, 11 L. Ed. 2d 921 (1964). The answer must be derived from the circumstances of the particular case, especially the reasons presented to the trial judge at the time the request is denied. Id.

Alderman, 22 F.3d at 1558.

The record in this case shows that although Petitioner's counsel was advised of the means by which he could obtain the contents of the confiscated hard drive, well before the trial date, Petitioner's counsel failed to take the necessary steps to obtain the information until just before the trial. (Doc. 14, Ex. A, Vol. III at R.T. 133-143). Under the circumstances, the trial court did not abuse its discretion in denying Petitioner's motion for a continuance, nor is there any evidence that the denial of a

18

continuance was so arbitrary as to result in the denial of due process. The Court concludes that the state court's factual findings were reasonable, that Petitioner has not met his burden of rebutting the presumption of correctness of those factual findings by clear and convincing evidence, and that the legal analysis was neither contrary to, nor an unreasonable application of, federal law. Therefore, Petitioner is not entitled to relief on the basis of habeas Claim 3.

> 4. <u>Habeas Claim 4: Trial court erred in sustaining objections to defense counsel's remarks during closing argument concerning the State's failure to produce evidence from the computer hard drive confiscated from Petitioner's house</u>.

Petitioner next argues in his habeas petition that he is entitled to relief under § 2254 based on the trial court's refusal to allow defense counsel to comment in closing argument that the State failed to present evidence of the contents of the hard drive confiscated from Petitioner's home. (Doc. 4 at 7). Petitioner raised this claim in the state court on direct appeal, and, in its memorandum opinion affirming Petitioner's conviction, the Alabama Court of Criminal Appeals stated:

> Lindsay contends that the trial court erred by sustaining the State's objection to defense counsel's remarks in his closing argument concerning the States' failure to produce evidence from the computer hard drive.

> "'"Control of closing argument rests in the broad discretion of the trial judge and, where no abuse of discretion is found, there is no

error.  Thomas v. State, 440 So . 2d
1216 (Ala. Crim. App. 1983);
Robinson v. State, 439 So. 2d 1328
(Ala. Crim. App. 1983); Elston v.
State, 321 So. 2d 264 (1975).  The
trial judge can best determine when
discussion by counsel is legitimate
and when it degenerates into abuse.
Hurst v. State, 397 So. 2d 203 (Ala.
Crim. App.), cert. denied, 397 So.
2d 208 (Ala. 1981); Garrett v.
State, 105 So. 2d 541 (1958)."''

Freeman v. State, 776 So. 2d 160, 188 (Ala.
Crim. App. 1999) (quoting Taylor v. State, 666
So. 2d 36, 64 (Ala. Crim. App. 1994), aff'd,
666 So. 2d 73 (Ala. 1995) quoting in turn
Sasser v. State, 494 So. 2d 857, 859-60 (Ala.
Crim. App. 1986)).

Trial counsel must restrict their
comments in closing arguments to evidence in
record or reasonable inferences drawn from
evidence in record.  Id.  Lindsay's trial
counsel made comments during his closing
argument about the State not offering the
computer hard drive into evidence, suggesting
that the failure to offer the hard drive meant
that the hard drive contained information that
would show that Lindsay was not in knowing
possession of images of child pornography.
The State objected and argued that it was not
required to offer the hard drive into evidence
in order to prove its case against Lindsay.
Accordingly, the trial court did not abuse its
discretion in sustaining the State's objection
to defense counsel's comments during closing.

(Doc. 14, Ex. D at 7).

"[F]ederal habeas review of the propriety of comments during

a closing argument is limited."  Gill v. Secretary, Dep't of

Corrections, 2008 WL 906647, *22 (M.D. Fla. 2008).  "[T]he

appropriate standard of review for such a claim on writ of habeas

corpus is 'the narrow one of due process. . . .'" <u>Id.</u> (citations omitted). Federal habeas courts generally do not sit to correct such rulings unless the error produces "fundamental unfairness." <u>Cox v. Montgomery</u>, 718 F.2d 1036, 1038 (11th Cir. 1983) (holding that the trial court did not improperly limit defense counsel's closing argument relating to matters not in evidence and that any presumed error did not render the trial fundamentally unfair).

The record shows that while the computer hard drive was never presented to the jury, the State presented evidence of twenty-three horrific images of child pornography in Petitioner's possession, stored on diskettes. By offering these confiscated images, the State established possession and thus satisfied its burden of proof without regard to the contents of Petitioner's computer hard drive. (<u>Id.</u>, Vol. III at R.T. 164-188).

A trial court exercises broad discretion in limiting the scope of closing argument. <u>Herring v. New York</u>, 422 U.S. 853, 862 (1975). Having reviewed the record in this matter, the Court agrees with the Alabama Court of Criminal Appeals that the trial court did not improperly limit defense counsel's closing argument in this case by refusing to allow him to comment on the State's failure to introduce into evidence the contents of the computer hard drive confiscated from Petitioner's home. (Doc. 14, Ex. A, Vol. IV at R.T. 459-60). Assuming, *arguendo*, that the trial court's ruling in this instance was erroneous, Petitioner has

failed to show that it resulted in fundamental unfairness.

The Court concludes that the state court's factual findings were reasonable, that Petitioner has not met his burden of rebutting the presumption of correctness of those factual findings by clear and convincing evidence, and that the legal analysis was neither contrary to, nor an unreasonable application of, federal law. Therefore, Petitioner is not entitled to relief on the basis of habeas Claim 4.

<u>CONCLUSION</u>

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Petitioner's rights were not violated and that his request for habeas corpus relief should be denied. It is so recommended.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **29th** day of **January, 2009.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   <u>**Objection**</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>**Opposing party's response to the objection.**</u>  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   <u>**Transcript (applicable where proceedings tape recorded)**</u>. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.