IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROGER HOWARD LINDSAY,          :

    Petitioner,          :

v.          :          CIVIL ACTION NO. 06-00064-CG-B

GWENDOLYN MOSLEY,          :

    Respondent.          :


## REPORT AND RECOMMENDATION

This action, which is before the Court on Petitioner Roger Howard Lindsay's Motion for Certificate of Appealability (Doc. 37), has been referred to the undersigned for the issuance of a report and recommendation.  Based upon a thorough review of Petitioner's motion and the case file, the undersigned recommends that Lindsay's Motion for Certificate of Appealability (Doc. 37) be denied.

Lindsay challenges the validity of his 2004 convictions in the Circuit Court of Escambia County, Alabama, for knowingly possessing obscene material depicting persons under the age of seventeen with intent to disseminate and knowingly possessing obscene material depicting persons under the age of seventeen, for which he was sentenced cumulatively to sixteen years in prison, split, to serve five years.  (Doc. 4 at 2; Doc. 14 at 3; Doc 15, Ex. A, Vol. I at C.R. 134).

On February 2, 2006, Lindsay filed his habeas petition attacking his convictions. (Doc. 1).  Lindsay re-filed his petition

on this Court's form on February 15, 2006, and raised four claims, namely that 1) the trial court erred in failing to suppress un-Marandized statements, 2) the trial court erred in failing to suppress evidence obtained with a defective search warrant, 3) the trial court erred in failing to grant his motion for a continuance, and 4) the trial court erred in sustaining the prosecution's objection to defense counsel's remarks, during closing arguments, regarding the State's failure to produce evidence confiscated from Lindsay's hard drive. (Doc. 4). In a Report and Recommendation issued on January 29, 2009, the undersigned found that Lindsay is not entitled to habeas relief on the basis of any of his claims. (Doc. 32). Lindsay filed an Objection to the Report and Recommendation (Doc. 33), which was overruled by the District Court in an Order dated March 2, 2009. (Doc. 34). A Judgment dismissing Lindsay's claim was entered on March 2, 2009. (Doc. 35). Lindsay filed the instant  Motion for Certificate of Appealability (Doc. 37) on March 12, 2009.

Lindsay's appeal is governed by 28 U.S.C. § 2253(c)(1)(B), which provides in pertinent part that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State Court." Id.; See also, Fisher v. Jones, 2007 U.S. Dist LEXIS 31006 (S.D. Ala. Apr. 25,

2007).   Thus, a COA is ordinarily a jurisdictional prerequisite to an appeal in a habeas corpus proceeding for relief from detention originating in state court process.  See, e.g., Medberry v. Crosby, 351 F.3d 1049, 1063 (11th Cir. 2003).   "The certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination."  Gonzalez v. Sec'y of Dep't of Corrs., 366 F.3d 1253, 1264 (11th Cir. 2004); United States v. Westry, 2007 U.S. Dist. LEXIS 92510 (S.D. Ala. Dec. 14, 2007).   A COA is required for an appeal by a state prisoner in any action brought under either 28 U.S.C. § 2241 or § 2254, inasmuch as the detention complained of arises out of process issued by a state court regardless of which statute is invoked.  See Medberry, 351 F.3d at 1063& n.9.

It is well established that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); Hardwick v. Singletary, 126 F. 3d 1212, 1213 (11th Cir. 1997).  The Supreme Court has observed in the context of a COA, that § 2253's "substantial showing" requirement means that a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

In his COA request, Lindsay does not identify any grounds that justify an appeal. Assuming *arguendo,* that Lindsay wishes to raise the same arguments on appeal that he raised in his habeas petition, the undersigned has carefully reviewed the January 29, 2009 Report and Recommendation in its entirety through the prism of the standards outlined in § 2253(c)(2) and <u>Slack</u> for issuance of a COA. After doing so, the undersigned finds, for the reasons stated in that Report and Recommendation, that reasonable jurists could not debate whether Lindsay's habeas petition should have been resolved in a different manner. Accordingly, the undersigned recommends that Lindsay's request for a COA be denied.

<u>CONCLUSION</u>

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Lindsay's Motion for Certificate of Appealability (Doc. 37) should be denied. It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **7th** day of **April, 2009**.

<pre>
          /S/ SONJA F. BIVINS
     UNITED STATES MAGISTRATE JUDGE
</pre>

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different

5

disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.